FILED

2016 Aug-15  AM 09:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CLYDE C. MCGUIRE** | ) | |
| | ) | **CIVIL ACTION .:** |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Jury Trial Demanded** |
| **G4S SECURE SOLUTIONS, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

### I.      INTRODUCTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 (42 U.S.C. 2000e et seq.) and  42 U.S.C. § 1981 to address race discrimination and retaliation in the terms and conditions of employment.

Plaintiff, Clyde McGuire (hereinafter "McGuire" or Plaintiff)  alleges that Defendant, G4S Secure Solutions, Inc. (hereinafter "G4S" or "Defendant") discriminated against him on the basis of his race and then retaliated against him for reporting and opposing employment discrimination.  This action seeks equitable and injunctive relief as well as compensatory and punitive damages, and attorneys fees and costs.

## II.    <u>JURISDICTION</u>

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b).

2.    The Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

3.    Plaintiff has fulfilled all administrative conditions precedent to the institution of this action. [Ex. A-EEOC Docs.].

4.    Plaintiff was issued a Notice of Right-to-Sue, issued by the Equal Employment Opportunity Commission, on May 12, 2016.  [Ex. A-EEOC Docs.]. Plaintiff is timely filing his Complaint within 90 days of the issuance of his Notice of Right to Sue.   The Plaintiff has fulfilled all conditions for institution of this suit pursuant to 42 U.S.C. § 1981.  Plaintiff's claims pursuant to 42 U.S.C. § 1981 do not require administrative exhaustion and are subject to 28 U.S.C. § 1658's four year statute of limitations.

## III.    <u>PARTIES</u>

5.    Plaintiff, Clyde McGuire, is a black, male citizen of the United States and a resident of the State of Alabama.

6.     Defendant, G4S Secure Solutions, Inc., is an employer under Title and 42 U.S.C. § 1981 and was McGuire's employer.  Defendant is incorporated and/or does business in the state of Alabama.

IV.    **FACTUAL ALLEGATIONS**

7.     The Defendant employs approximately 40,000 employees in the United States and provides security guarding and related security solutions to business, government, and professional clients who contract for its services.

8.     On May 13, 2015, McGuire was hired by the Defendant as an Area Supervisor in the Birmingham, Alabama Branch.

9.     On August 12, 2015, McGuire learned that Matthew [LNU], a white male, was being paid approximately $4,400.00 per year more than him for doing the same job with the same title.

10.    McGuire immediately complained about this difference in pay to General Manager Jacob Pugh [white male].  Pugh's justification for paying Matthew a higher wage was that he supervised more college graduates at his location.

11.    On August 17, 2015, Pugh confronted McGuire with allegations that five subordinates had accused him of having a negative attitude and of being rude to them.  McGuire denied these allegations and stated that they were untrue.  Because of these allegations, McGuire was suspended pending an investigation.

12. On August 17, 2015, McGuire filed a charge of discrimination with the Equal Employment Opportunity Commission alleging that the Defendant had subjected him to race discrimination and retaliation.

13. On September 1, 2015, McGuire was placed on a performance improvement plan. On December 18, 2015, Pugh terminated McGuire allegedly because of employee complaints. Again, McGuire denied engaging in any inappropriate behavior towards subordinate employees; nevertheless, the decision to terminate him was upheld.

14. Upon information and belief, the Defendant intentionally and with malice or reckless indifference, discriminated against Plaintiff on the basis of Plaintiff's race with respect to pay and other terms, conditions and privileges of employment. Defendant also retaliated against the Plaintiff for reporting and opposing race discrimination in employment.

## V. CAUSES OF ACTION

### COUNT I

### RACE DISCRIMINATION IN VIOLATION OF TITLE VII AND 42 U.S.C. § 1981

15. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 above with the same force and effect as if fully set out in specific detail

hereinbelow.

16.    Plaintiff has been discriminated against and treated differently than similarly situated white employees because of his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1981. This treatment by the Defendant has affected the terms and conditions of Plaintiff's employment.

17.    This reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1981.

18.    As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

19.    Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's racially discriminatory and demeaning and unlawful conduct.

20.    Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of

securing adequate relief.  The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

21.    As a result of the Defendant's actions, the Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and loss of enjoyment of life.

22.    This reckless, malicious, and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. 1981.

## COUNT II

### RETALIATION IN VIOLATION OF
### TITLE VII AND 42 U.S.C. § 1981

23.    Plaintiff restates and incorporates by reference Paragraphs 1-22 above as part of this Count of the Complaint.

24.    The Defendant retaliated against McGuire because of his opposition to and reporting of discrimination by terminating his employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. 1981.

25.    McGuire's damages and injuries include, but are not limited to, loss of pay and benefits.  Furthermore, as a result of his retaliatory termination McGuire has suffered mental anguish, humiliation and embarrassment.

26.    The Defendant's retaliatory actions toward McGuire were reckless, malicious and willful and in violation of Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. 1981.

## VI.    **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Honorable Court assume the jurisdiction of these causes of action and award the Plaintiff the following relief:

1.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant, including the action taken against Plaintiff by the Defendant constitutes discrimination and are violative of Plaintiff's rights as secured by Title VII and 42 U.S.C. § 1981;

2.    Grant Plaintiff a permanent injunction enjoining the Defendant, their agents, successors, employees, attorneys and those acting in concert with the Defendant, and at the Defendant's request, from continuing to violate Plaintiff's rights as well as others who are similarly-situated pursuant to Title VII and 42 U.S.C. § 1981;

3.    Enter an Order awarding Plaintiff damages including back pay, front pay,

nominal, compensatory and punitive damages.

4.    Award Plaintiff reasonable costs, attorney's fees and expenses.

5.    Award such other relief and benefits as the cause of justice may require.

**PLAINTIFF HEREBY DEMANDS
A JURY FOR ALL ISSUES TRIABLE BY JURY**

Respectfully submitted,

/s/Roderick T. Cooks
Lee D. Winston
Roderick T. Cooks

**OF COUNSEL:**
WINSTON COOKS, LLC
The Financial Center
505 20th Street North
Suite 815
Birmingham, Alabama 35203
Tel: 205-502-0970
Fax: 205-278-5876
Email: lwinston@winstoncooks.com
Email: rcooks@winstoncooks.com

**PLAINTIFF'S ADDRESS:**
Clyde C. McGuire
c/o Lee D. Winston
Roderick T. Cooks
WINSTON COOKS, LLC
The Financial Center
505 20th Street North
Suite 815
Birmingham, Alabama 35203

Tel: 205-502-0940
Fax: 205-278-5876
Email: lwinston@winstoncooks.com
Email: rcooks@winstoncooks.com

**DEFENDANT'S ADDRESS:**

G4S Secure Solutions, Inc.
C/O CSC-LAWYERS INCORPORATING SERV INC
150 S PERRY ST
MONTGOMERY, AL 36104